**NASSAU NURSING HOME, Plaintiff,**

**v.**

**Margaret M. HECKLER, as Secretary of the United States Department of Health and Human Services and David Axelrod, as Commissioner of the State Department of Health of the State of New York, Defendants.**

**No. CV 84–4901.**

United States District Court,
E.D. New York.

Aug. 2, 1985.

Solomon & Rosenblum, Dreschler & Leff, New York City, for plaintiff.

Raymond J. Dearie, U.S. Atty. by Patricia Galvin, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This action raises questions concerning the procedures which the Secretary of Health and Human Services must employ when the Secretary imposes a ban upon Medicare and Medicaid admissions to a skilled nursing facility pursuant to 42 U.S.C. § 1395cc(f)(1).

## I. FACTS

Plaintiff Nassau Nursing Home has entered into a provider agreement with the defendant Secretary, under which plaintiff may provide skilled nursing services for Medicare beneficiaries and receive reimbursement from the Secretary, and provide services to recipients under New York State's Medicaid program.

On June 14, 1984 the New York State Department of Health ("DOH") conducted an onsite survey of plaintiff.

On July 6, 1984 DOH provided plaintiff with a Statement of Deficiencies. DOH found that plaintiff was not in compliance with a number of federal regulations, most concerning dietetic services.

On July 20, 1984 plaintiff submitted a Plan of Correction to DOH.

On July 31, 1984 DOH conducted a second survey of plaintiff.

On August 8, 1984 DOH informed plaintiff that plaintiff's Plan of Correction was unacceptable in part.

On August 14, 1984 DOH supplied plaintiff with a list of deficiencies which DOH found had been corrected as of July 31. DOH did not supply plaintiff with a list of uncorrected deficiencies.

On August 22, 1984 plaintiff submitted a second Plan of Correction. On September 18, 1984 DOH informed plaintiff that the second Plan of Correction was unacceptable in part. On September 25, 1984 plaintiff submitted a third Plan.

On September 25, 1984 DOH recommended that the Secretary ban Medicare and Medicaid admissions to plaintiff, on the ground that the DOH surveys on June 14 and July 31 indicated that plaintiff was not in compliance with applicable regulations.

On October 4, 1984 DOH informed plaintiff that the third Plan of Correction was unacceptable in part. On October 15, 1984 plaintiff submitted a fourth plan.

On October 16, 1984 the Secretary informed plaintiff that the Secretary intended to impose a ban on Medicare and Medicaid admissions.

On October 26, 1984 DOH informed plaintiff that the fourth Plan of Correction was acceptable.

On November 8, 1984 a meeting was held, attended by the respective representatives of DOH, the Secretary, and plaintiff. Plaintiff's representatives stated that plaintiff had never been informed of the results of the DOH survey of July 31, 1984.

DOH's representative agreed to supply plaintiff with further information. The Secretary's representative gave plaintiff a choice between: (1) requesting a third survey, with the understanding that if DOH again found plaintiff non-compliant the Secretary would impose the ban and plaintiff could not request a fourth survey for ninety days; and (2) accepting the ban, with the right to request a third survey at any time.

On November 9, 1984 DOH sent plaintiff a letter listing the legal conditions and standards which DOH concluded plaintiff had failed to meet. DOH did not supply plaintiff with an actual report based on the July 31 survey listing specific factual findings.

On November 21, 1984 DOH conducted a third survey at plaintiff's request.

On November 30, 1984 DOH informed the Secretary that plaintiff was still non-compliant as of November 21.

On December 5, 1984 the Secretary informed plaintiff that the Secretary would impose a ban on Medicare and Medicaid admissions effective December 23, 1984.

## II. THE INSTANT ACTION

On December 20, 1984 plaintiff commenced the instant action, seeking an injunction against the imposition of a ban.

On December 21, 1984, following oral argument, this Court ordered that defendants not impose a ban pending further hearing by this Court, that a fourth survey should be conducted, and that both sides should prepare checklists indicating which deficiencies listed in the July 6 Statement of Deficiencies (based upon the June 14 survey) had been corrected and which had not. This order was confirmed in writing on January 7, 1985. On January 14–15, 1985 a fourth survey was conducted.

On January 28, 1985 this Court held a conference. This Court referred this case to the Honorable David F. Jordan, U.S. Magistrate, for the purpose of preparing a Report and Recommendation on the issue of whether the deficiencies found in the June 14 survey had been corrected. Magis-

trate Jordan held hearings on April 8–10, 1985, and issued a Report and Recommendation on May 8, 1985.

The secretary has moved to dismiss. Both sides have filed objections to Magistrate Jordan's Report and Recommendation.

## III. JURISDICTION

### A. INTRODUCTION

The first issue is whether this Court has jurisdiction over the subject matter of this case.

We note initially that if the Court has jurisdiction, such jurisdiction probably does not derive from 28 U.S.C. § 1331, the "general federal question jurisdiction" statute, or 28 U.S.C. § 1346, which deals with the "United States as defendant". Under 42 U.S.C. § 405(h), "no action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter [Title 42, Chapter 7, Subchapter II]". Under 42 U.S.C. § 1395ii, the provisions of § 405(h) are made applicable to Title 42, Chapter 7, Subchapter XVIII. Subchapter XVIII includes § 1395cc(f)(1), which deals with bans on Medicare and Medicaid admissions. The Supreme Court has held that § 405(h), where applicable, precludes resort to general federal question jurisdiction. *Weinberger v. Salfi*, 422 U.S. 749, 756–62, 95 S.Ct. 2457, 2462–65, 45 L.Ed.2d 522 (1975). In that case, which involved a constitutional claim, the Court found that jurisdiction was available under § 405(g). In *South Windsor Convalescent Home, Inc. v. Mathews*, 541 F.2d 910 (2d Cir.1976), the Court was presented with a constitutional claim for which district court jurisdiction under § 405(g) was unavailable. Noting that the case fell within the jurisdiction of the Court of Claims, the Second Circuit held that § 405(h) barred district court general federal question jurisdiction. The Court warned that it is unlikely that the Constitution and statutes will be interpreted in such a way as to preclude *all* courts

from exercising jurisdiction over a constitutional claim.

In the instant case, plaintiff has presented at least a colorable constitutional claim. Plaintiff contends that the Secretary did not provide plaintiff with adequate hearing procedures prior to the Secretary's decision to impose the ban, and that imposition of the ban will therefore constitute a deprivation of property without due process in violation of the Fifth Amendment. Plaintiff appears to have a property interest in its expectation of continued participation in the Medicare and Medicaid programs. *Case v. Weinberger*, 523 F.2d 602, 606 (2d Cir.1975). Procedural due process generally requires some form of pre-deprivation notice and hearing (not necessarily a full-scale evidentiary hearing). *Cleveland Board of Education v. Loudermill*, —— U.S. ——, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Case v. Weinberger, supra.* In the instant case, it is at least open to question whether the meeting held November 8, 1984 provided plaintiff with adequate pre-deprivation notice of the charges against it and hearing.

## B. THIS COURT HAS JURISDICTION

Fortunately, we find that this Court has jurisdiction over this case under 42 U.S.C. §§ 1395ff(c), 1396i(c)(2), and 405(g). Consequently, we are not here confronted with an attempt by Congress to preclude all courts from exercising jurisdiction over a colorable constitutional claim.

The reason that this Court has jurisdiction is as follows.

Under 42 U.S.C. § 1395ff(c), "any institution or agency dissatisfied with any determination by the Secretary that it is not a provider of services, or with any determination described in section 1395cc(b)(2) of this title, shall be entitled to a hearing thereon by the Secretary (after reasonable notice and opportunity for hearing) to the same extent as is provided in section 405(b) of this title, and to judicial review of the Sec-

retary's final decision after such hearing as is provided in section 405(g) of this title." The question then arises of whether the Secretary's determination in the instant case constitutes a "determination described in § 1395cc(b)(2)."

▮ Determinations "described in § 1395cc(b)(2)" include a determination that a provider of services (such as plaintiff) "no longer substantially meets the applicable provisions of section 1395x of this title". § 1395cc(b)(2)(B). In the instant case, the Secretary has determined that plaintiff no longer substantially meets the provisions of § 1395x(j) (which deals with the standards for skilled nursing facilities), and therefore seeks to ban Medicare and Medicaid admissions pursuant to § 1395cc(f)(1). Consequently, although the Secretary does not seek immediate termination of plaintiff's Medicare provider agreement pursuant to § 1395cc(b)(2)(B), but rather seeks the intermediate sanction of a ban on Medicare and Medicaid admissions under § 1395cc(f)(1), the Secretary's determination nevertheless constitutes a "determination described in § 1395cc(b)(2)".

Consequently, pursuant to § 1395ff(c), plaintiff is entitled to (at the very least) elaborate post-deprivation administrative review under § 405(b), followed by judicial review under § 405(g).[1] *See also* § 1396i(c)(2). The only remaining possible obstacle to this Court exercising jurisdiction at the present time under § 405(g) is the doctrine of exhaustion of administrative remedies.

▮ Although § 405(g) ordinarily requires exhaustion of administrative remedies prior to judicial review, the Supreme Court has held that where (as here) the Secretary has made a determination, and a plaintiff asserts a colorable constitutional claim that the plaintiff has received inadequate pre-deprivation process, a district court can exercise jurisdiction over the constitutional claim pursuant to § 405(g) with-

---

1. The availability of administrative appeals and judicial review following the imposition of a ban is confirmed by legislative history. *See* H.R.Rep. No. 96–1167, 96th Cong., 2d Sess. 56, 409, *reprinted in* [1980] U.S.Code Cong. & Ad. News 5569, 5772.

out awaiting further administrative proceedings. *Mathews v. Eldridge*, 424 U.S. 319, 326–32, 96 S.Ct. 893, 899–01, 47 L.Ed.2d 18 (1976). Consequently, the doctrine of exhaustion of remedies does not preclude this Court from exercising jurisdiction over plaintiff's constitutional claim pursuant to § 405(g).

There is a second reason why this action is not barred by the doctrine of exhaustion of remedies. In the instant case, the Secretary denies that plaintiff will be entitled to any administrative hearings after the ban is imposed. Defendant's Memorandum at 24. Consequently, plaintiff has exhausted all administrative remedies the Secretary is willing to provide. Consequently, this Court has jurisdiction to review the Secretary's decision to impose a ban pursuant to § 405(g). Of course, this does not necessarily mean that the Court should immediately review the merits of the decision to impose a ban. The Court has the authority to remand the case to the Secretary for further proceedings.

For the above reasons, this Court has jurisdiction pursuant to § 405(g).

## IV. HEARING PROCEDURES

■ The Secretary's decision to impose a ban was based primarily upon the third DOH survey conducted November 21, 1984. The Secretary did not give plaintiff a copy of the survey report and did not give plaintiff an opportunity for an informal hearing following the November 21 survey. It therefore appears that the Secretary violated § 1395cc(f)(2), which provides that a ban cannot be imposed until the facility "has had a reasonable opportunity, following the initial determination that it no longer meets the provisions of section 1395x(j) of this title, to correct its deficiencies, and, following this period, has been given reasonable notice and opportunity for a hearing." We wish to emphasize that we do not suggest that an elaborate pre-ban hearing was required. The statute requires only an informal non-evidentiary pre-ban hearing. *See* H.R.Rep. No. 96–1167, 96th Cong., 2d Sess. 56, 409, *reprinted in* [1980] U.S.Code

Cong. & Ad.News 5526, 5569, 5772. Due process does not require an evidentiary predeprivation hearing in cases of this type. *Case v. Weinberger*, 523 F.2d 602, 606–09 (2d Cir.1975).

It might be argued that the meeting on November 8, 1984 satisfied the statutory notice and hearing requirement. We disagree. First, this meeting took place prior to the November 21 survey. Since the November 21 survey was the immediate basis for the ban, we believe that the statute required the Secretary to give plaintiff a copy of the November 21 survey report and an informal meeting to discuss that report. Second, at the time of the November 8 meeting plaintiff had not even been given a copy of the report of the second DOH survey conducted on July 31. Indeed, plaintiff was not given a copy of either the July 31 report or the November 21 report until long after the instant action was commenced.

For the above reasons, we find that the Secretary has violated § 1395cc(f)(2) by failing to provide plaintiff with an adequate informal pre-ban hearing and adequate notice of the charges against plaintiff.

Since the Secretary violated the *statute*, it is unnecessary for us to address plaintiff's *constitutional* claim that plaintiff has been denied adequate pre-ban process.

## V. REMEDY

Since plaintiff was not given a statutorily adequate pre-ban hearing, we will vacate the Secretary's decision to impose a ban and remand this case to the Secretary for further proceedings pursuant to § 405(g).

On remand, the Secretary must give the plaintiff an informal non-evidentiary hearing at which plaintiff will be given an opportunity to discuss the most recent survey report then available. As we have stated, that is all the pre-ban process which § 1395cc(f)(2) requires. Due process requires no more. *Case v. Weinberger, supra.* If the Secretary then decides to impose the ban, the Secretary must then supply plaintiff with post-imposition adminis-

trative review, including an opportunity for an evidentiary hearing, as is required by § 405(b) as incorporated in § 1395ff(c) and § 1396i(c)(2). We need not discuss whether there is a constitutional due process right to such a hearing, although case law strongly suggests that there is. *Case v. Weinberger, supra.* Afterwards, plaintiff may seek judicial review pursuant to § 405(g). We make no determination at the present time as to the merits of the question of whether plaintiff is in compliance with applicable regulations and whether plaintiff has been given an adequate opportunity to correct deficiencies.

The Court expresses sincere thanks to Magistrate Jordan for conducting hearings and preparing a Report and Recommendation. Upon reflection, however, the Court believes that a remand to the Secretary is the proper course.

### VI. APPEALABILITY

The question arises as to whether this decision or any part thereof is or should be made immediately appealable as of right. We express no opinion as to whether this decision or any part thereof is appealable as of right in the absence of the entry of a partial judgment pursuant to Rule 54(b). We decline to direct the entry of such a partial judgment. Further, we will not direct the entry of a complete judgment, as the ultimate question of whether a ban should be imposed remains to be decided by the Secretary, subject to post-imposition judicial review by this Court. We will, however, certify the appropriateness of an interlocutory appeal by permission.

### VII. ORDER

The Secretary's decision to impose a ban upon Medicaid and Medicare admissions to plaintiff Nassau Nursing Home is vacated. This case is remanded to the Secretary for further proceedings consistent with this opinion. The Clerk shall close the file, but shall not enter judgment. It appearing that this order involves controlling questions of law as to which there is substantial ground for difference of opinion and that

an immediate appeal from this order may materially advance the ultimate termination of this litigation, this order is hereby certified as being appropriate for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

SO ORDERED.